324

FOX et al. v. WILSON.—255 S. W. (2d) 416.

Middle Section.   August 1, 1952.

Petition for Certiorari denied by Supreme Court, December 5, 1952.

G. E. White and Thurman Thompson, both of Lewisburg, for plaintiffs in error.

L. Forrest Gates, of Lewisburg, for defendant in error.

HOWELL, J. This case originated in the General Sessions Court of Marshall County, was appealed to the Circuit Court and then tried by the Circuit Judge and a jury. The trial Judge directed the jury to find for the plaintiff John Wilson and against all the defendants, Joe Lunn and Floyd Cantrell and W. C. Fox, doing business as Fox and Cantrell. All of the defendants have appealed to this Court and have assigned errors.

It is insisted for the defendants that the trial Judge erred in directing the jury to find for the plaintiff and against the defendants.

The plaintiff John Wilson operates a livestock sales barn in Lewisburg, Tennessee, where he sells livestock at auction. The defendant Joe Lunn took a cow to Wilson's barn and she was sold at auction on April 16, 1951 to the defendants Fox and Cantrell for $165. Cantrell then issued a check to Wilson for $165 and Wilson issued to him a sales slip on one of his printed forms which has in it the words "We guarantee nothing but weight and price on livestock sold". A truck driver then took the cow in a truck to Cantrell's farm and upon arrival there it was found that the cow was sick. Can-

trell returned the cow to Wilson's barn and stopped payment upon the Fox and Cantrell check that had been given Wilson.

Wilson on the day of the sale issued his check to Joe Lunn for the sale price of the cow less his commissions.

The cow had a calf and remained at Wilson's barn for several days and died there. Wilson sold the calf and also paid a veterinarian's bill for services to the cow.

It is insisted by Joe Lunn that the cow was sound and a good milker and was with calf at the time she was sold, that she did not have any disease when sold but was stricken with some disorder by reason of being with calf and being handled at the auction barn and in the truck which carried her to Cantrell's barn.

It is insisted for Fox and Cantrell that Joe Lunn warranted the cow to be sound at the time of the sale and that she was then unsound and sick and that they were justified in returning her to the sales barn and stopping payment upon their check.

There was conflicting testimony as to the condition of the cow at the time of the sale and as to whether or not there was any warranty as to her soundness.

██ We think these questions of fact under these circumstances should have been submitted to the jury. The facts were disputed and the trial Judge should not have taken the case from the jury and directed a verdict for the plaintiff.

It is evident from this record that somebody owes the plaintiff John Wilson. He is entitled to a judgment against either Fox and Cantrell or Joe Lunn, not all of them, and it is a question of fact as to whether or not the cow was sick and was warranted as sound by Joe Lunn at the time of the sale or whether or not there was no warranty, she was sound at the time of the sale and

became sick and died after having been delivered to Fox and Cantrell in a sound condition. The jury should determine which of the defendants are indebted to John Wilson under the facts to be found by them. A jury question is presented.

We are therefore of the opinion that the assignments of error should be sustained and the case remanded to the Circuit Court of Marshall County for new trial by the Court and a jury.

The appellee John Wilson will pay the costs of the appeal.

Reversed and remanded.

Felts and Hickerson, JJ., concur.